**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| P. MARK SHAFER : | |
| Plaintiff : | |
| v : | Civil Action No. PJM-06-2222 |
| GREGORY I. SNOOK, *et al.* : | |
| Defendants : | |

o0o

## MEMORANDUM OPINION

The above-captioned civil rights Complaint, filed on August 24, 2006, seeks monetary damages against various officials involved in Plaintiff's criminal prosecution and ultimate conviction. Paper No. 1. Plaintiff has also filed a Motion to Proceed In Forma Pauperis. Paper No. 2. Because he appears to be indigent, his motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff alleges, in a complaint more than over 120 pages long, that he is currently serving a sentence of 15 years as a result of a vast conspiracy by government officials in Washington County, Maryland to prosecute him for neglecting to properly care for his grandmother. Paper No. 1. He alleges that all of the charges against him were manufactured in an effort to cover-up the failure of Adult Protective Services to provide required services to his grandmother. According to information contained in the Complaint, Plaintiff's criminal conviction is currently on appeal to the Maryland Court of Special Appeals. *Id*. at pp. 75 and 100.

In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such

claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction. Plaintiff indicates in his Complaint that he is in the process appealing his conviction through the state court system. In the event that the state courts agree with his assessment of the events surrounding his prosecution and subsequent conviction and issue a decision overturning his conviction, he may re-file his constitutional claim for damages at that time. A separate Order dismissing the Complaint without prejudice follows.

Date: 9/13/06

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE